# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOHN PAUL JONES, III,<br>Appellant, | DOCKET NUMBER<br>DE-3330-14-0526-I-1 |
| v. | |
| DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES,<br>Agency. | DATE: March 13, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Paul Jones, III</u>, Albuquerque, New Mexico, pro se.

<u>James E. Simpson</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellant, a 5-point (TP) preference-eligible veteran, applied for a GS-15 Public Health Analyst position under the agency's Delegated Examining (DE) Vacancy Announcement No. HHS-OMH-DE-14-1052798, which was open to United States citizens. Initial Appeal File (IAF), Tab 10 at 12, Tab 11 at 8-9. The agency announced its intention to fill one vacancy and informed applicants of a separate merit promotion announcement by stating that:

> This vacancy is also being announc[ed] concurrently with vacancy announcement HHS-OMH-MP-14-1052799 under merit promotion procedures. Please review that announcement to see if you are eligible to apply under those procedures. NOTE: Applicants must apply separately for each announcement.

IAF, Tab 10 at 12. It is undisputed that the appellant applied only under the DE announcement. *See* IAF, Tab 12 at 1.

¶3    The agency informed applicants that it would use the category rating procedure to rank and select eligible candidates under the DE announcement and to assign qualified candidates to the categories of "Best Qualified," "Well Qualified," and "Qualified." IAF, Tab 10 at 14. The agency also explained that

it would apply veterans' preference by placing preference eligibles at the top of their assigned category and considering them before nonpreference eligibles in that category. *Id*. at 15. It is undisputed that the appellant was rated as one of the two Best Qualified veterans on the DE certificate referred to the selecting official. IAF, Tab 12, Initial Decision (ID) at 4, Tab 11 at 5, 12. However, the agency selected a candidate to fill the Public Health Analyst position from one of the merit promotion certificates referred to the selection official. IAF, Tab 11 at 16; ID at 2.

¶4    The appellant filed a complaint with the Department of Labor (DOL) and alleged that the agency did not properly consider his veterans' preference. *See* IAF, Tab 1 at 4, 8. DOL investigated but concluded that the evidence did not support the appellant's allegation that the agency violated his veterans' preference rights. *Id*. at 8. In its letter informing the appellant of its investigative results, DOL stated that the evidence indicated that the agency filled the position from the merit promotion certificate generated from the merit promotion announcement; the appellant applied under the concurrent DE announcement, but the agency had the legal right to select from any certificate to fill the position. *See id*. The appellant subsequently filed this VEOA appeal with the Board and requested a hearing. IAF, Tab 1 at 2.

¶5    On appeal, the appellant argued that the agency's selection process violated his veterans' preference rights by "not fairly testing the applicants" and by not crediting his military experience. *Id*. at 5. The appellant also argued that the selection process was unlawful because the individual selected from the merit promotion certificate had "a personal relationship with the hiring authority" and the agency screened out applicants over 60. *Id*. In support of his appeal, the appellant submitted a copy of the DOL file closure letter and the notice he received from USA Jobs stating that the agency did not select him. IAF, Tab 1 at 7-8. The appellant also submitted an email providing details of past hiring actions by the agency concerning vacancy announcements unrelated to the instant

appeal. IAF, Tab 6 at 4, 8-9. Citing that email and an unrelated Board decision, the appellant argued that the Board's rulings strongly support veterans' preference rights and that the agency has an institutional culture that openly violates those rights. *Id*. at 4-5.

¶6 The agency filed a motion to dismiss the appellant's VEOA appeal and provided supplemental evidence ordered by the administrative judge to confirm that the agency made its selection under the merit certificate and not the DE certificate under which the appellant applied. IAF, Tabs 5, 10-11, Tab 9 at 5-7. The appellant did not respond to the agency's motion to dismiss.

¶7 Without holding the hearing requested by the appellant, the administrative judge issued an initial decision denying the appellant's request for corrective action under VEOA. ID at 1-2. The administrative judge found that there was no genuine dispute of material fact and that the agency did not violate the appellant's rights under VEOA by exercising its managerial judgment and selecting a candidate from the merit promotion certificate. ID at 1, 4. For the purposes of the decision, the administrative judge considered as true the appellant's allegation that the selecting official knew the selected applicant, and he found no impropriety in the selection. ID at 4. The administrative judge also found, inter alia, that he had no authority to consider the agency's past hiring actions in deciding this VEOA appeal. ID at 4.

¶8 The appellant filed a petition for review asking the Board to remand the appeal to the field office with instructions to hold a hearing for the agency to explain its hiring decision. Petition for Review (PFR) File, Tab 1 at 27. In support of his request, the appellant reasserts his argument that the agency has a pattern and practice of denying veterans' legal rights and that the agency has a "moral and legal obligation to **hire the veteran**." PFR File, Tab 1 at 4-5, Tab 6 at 4 (emphasis in original).

¶9 To be entitled to relief under VEOA, the appellant must prove by preponderant evidence that the agency's selection violated one or more of his

statutory or regulatory veterans' preference rights. *Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 10 (2006). Contrary to the appellant's arguments on review, VEOA does not guarantee the preference-eligible appellant a position; the statute only affords him the right to compete for the position. *See Abell v. Department of the Navy*, 92 M.S.P.R. 397, 400-01 (2002), *aff'd*, 343 F.3d 1378 (Fed. Cir. 2003). The Board may decide a VEOA claim on the merits without a hearing when there is no genuine issue of material fact and one party must prevail as a matter of law. *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 12 (2007).

¶10    The appellant has not shown that the agency violated his veterans' preference rights in this case when it made its selection from the merit promotion certificate issued pursuant to the merit promotion announcement, for which he did not apply. An agency has the discretion to fill a vacant position by any authorized method, and the Board has held that there is nothing preventing an agency from soliciting applications from the public and from merit promotion applicants simultaneously and filing the vacant position from the merit promotion certificate. *See Joseph v. Federal Trade Commission*, 505 F.3d 1380, 1384 (Fed. Cir. 2007) (finding that the agency did not violate VEOA by conducting "simultaneous parallel procedures under the competitive examination and merit promotion processes to fill the same position" and selecting someone other than the veteran under the merit promotion process); *Dean v. Consumer Product Safety Commission*, 108 M.S.P.R. 137, ¶ 11 (2008). Moreover, the appellant has not shown that the agency denied his right to compete under the DE vacancy announcement at issue, considering the undisputed evidence that his name was on the certificate of "Best Qualified" candidates referred to the selecting officials. IAF, Tab 11 at 5, 12.

¶11    Having considered the appellant's arguments on review, we find no new, previously unavailable evidence and that the administrative judge made no error

in law or regulation that affects the outcome.[2]  We therefore deny the appellant's petition for review.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and

---

[2] We are not persuaded by the appellant's argument that the administrative judge "committed legal error in accepting the Agency's word that the selecting official" lawfully hired from the merit promotion certificate. PFR File, Tab 1 at 17.  The record reflects that the administrative judge ordered the agency to submit proof that it filled the Public Health Analyst position with a candidate from the merit promotion certificate; the agency submitted the requested documents; and the administrative judge considered that evidence in making his decision.  ID at 4; IAF, Tabs 5, 10, Tab 11 at 2.

Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at <u>http://www.mspb.gov/probono</u> for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.